SUMMARY ORDER
Launch Media, Inc. (“Launch”) appeals the orders of the United States District Court for the Southern District of New York (Buchwald, J.), entered on March 31, 2008 and July 30, 2008, denying Launch’s motion for attorney’s fees pursuant to 17 U.S.C. § 505 and denying Launch’s motion for reconsideration of the denial of its motion for attorney’s fees, respectively.
On May 24, 2001, Arista Records, LLC, Bad Boy Records, BMG Music, and Zomba Recording LLC (collectively, “BMG”) brought suit against Launch before the district court (Owen, J.)[1] alleging that Launch had violated provisions of the Digital Millennium Copyright Act of 1998 (“DMCA”), claiming Launch willfully infringed the copyrights of BMG sound recordings. Specifically, BMG alleged that Launch was providing an “interactive service” within the meaning of 17 U.S.C. § 114(j)(7) through its internet radio site LAUNCHcast and therefore was required, under 17 U.S.C. § 114(d)(2), to obtain individual licenses to play the songs to which BMG held the sound recording copyrights. On April 27, 2007, a jury found that LAUNCHcast was not an interactive service and therefore Launch did not infringe BMG’s copyrights.[2]
On March 28, 2008, Launch moved for attorney’s fees claiming BMG’s suit was unreasonable, frivolous, and wasted judicial resources. The district court denied the motion “without prejudice to renewal should the outcome of the current appeal before the Second Circuit Court of Appeals warrant reconsideration.” The district court held that BMG’s “actions do not rise to the requisite level of frivolousness or objective unreasonableness, and there is no need in these particular circumstances to advance considerations of compensation or deterrence.” The district court noted, as did the district judge before whom trial took place, that whether LAUNCHcast was an interactive service presented a “novel question of law.” In its motion for reconsideration, Launch emphasized that it was moving for reconsideration for the district court solely to consider BMG’s tactics and not the substance of its argument, *650 in determining whether to reconsider awarding attorney’s fees. The district court held that to properly make this argument Launch should have moved under 28 U.S.C. § 1927. Furthermore, the district court held that Launch should have moved for partial summary judgment on the issue of damages with regard to BMG’s tactics at an earlier stage of the proceedings.
Launch appeals both orders of the district court. First, Launch argues that BMG took “unreasonable positions throughout the litigation,” such as “stretching]” the definition of interactive service to include “any service that incorporated consumer input,” demanding $1.5 billion in damages ($150,000 per work infringed),[3] which Launch claims was “constitutionally excessive,” and practicing “extreme tactics.” Second, Launch argues that the district court failed to take into account legal precedent regarding attorney’s fees in copyright cases. Third, Launch argues the district court ignored the deterrence aspect of attorney’s fees. Fourth, Launch claims the district court erred in holding that Launch should have sought attorney’s fees under 28 U.S.C. § 1927.
This Court reviews denial of a motion for attorney’s fees in copyright cases for abuse of discretion. 17 U.S.C. § 505; Matthew Bender & Co. v. West Publ’g Co., 240 F.3d 116, 122 (2d Cir.2001).
The standard of review of an award of attorney’s fees is highly deferential to the district court. Attorneys’ fees are available to prevailing parties under § 505 of the Copyright Act but are not automatic. While there is no precise rule or formula for making these determinations, equitable discretion should be exercised.
Medforms, Inc. v. Healthcare Mgmnt Solutions Inc., 290 F.3d 98, 117 (2d Cir.2002) (internal quotation marks, alterations, and citations omitted). “[A] district court necessarily abuses its discretion if its conclusions are based on an erroneous determination of law, or on a clearly erroneous assessment of the evidence.” Crescent Publ’g Group, Inc. v. Playboy Enters., Inc., 246 F.3d 142, 146 (2d Cir.2001).
To determine whether to award attorney’s fees in copyright cases a district court can consider: (1) frivolousness; (2) motivation; (3) “objective unreasonableness (both in the factual and in the legal components of the case)”; and (4) “the need in particular circumstances to advance considerations of compensation and deterrence.” Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).
The district court did not abuse its discretion in concluding that BMG’s complaint was neither frivolous nor objectively unreasonable. An interactive service is defined as “one that enables a member of the public to receive a transmission of a program specially created for the recipi *651 ent, or on request, a transmission of a particular sound recording, whether or not as part of a program, which is selected by or on behalf of the recipient.” 17 U.S.C. § 114(j)(7). Launch does not dispute that LAUNCHcast has some features that may be manipulated by the user: users may select music by genre, artist, song, or album. It was reasonable for BMG to argue that the latter part of the definition of the term, “[a service in which] a transmission of a particular sound recording ... is selected by or on behalf of the recipient,” to include LAUNCHcast. Furthermore, there appears to be no illegal motivation on the part of BMG to bring the suit, nor any conduct that would merit deterrence. While the damages BMG requested were high, even the maximum amount Launch claims BMG requested ($1.5 billion) would be within the letter of the law according to the maximum statutory damage provided for under 17 U.S.C. § 504(c)(2).[4] Therefore, the district court did not abuse its discretion in denying Launch’s motion for attorney’s fees.
Also, the district court did not abuse its discretion for denying Launch’s motion for reconsideration for the same reasons. There is no evidence of improper conduct on the part of BMG to warrant attorney’s fees. Therefore, it is irrelevant whether Launch should have brought its motion for attorney’s fees under 17 U.S.C. § 505 or 28 U.S.C. § 1927.
Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.

. This case was reassigned to Judge Buchwald on February 22, 2008.

. BMG has appealed the verdict before this Court. Doc. No. 07-2576-cv. We resolve the issues BMG raises in that appeal in an opinion filed concurrent with this order.

. If a factfinder concludes that infringement occurred, and the infringed party opts for statutory damages- — as BMG did at trial — then the infringer is required to pay damages on a per work basis. See 17 U.S.C. § 504(c)(1). If the factfinder concludes the infringement was willful, the district court has discretion to increase the damage award to $150,000 per work. Id. § 504(c)(2). BMG argued that each of the estimated 10,000 copyrighted songs Launch uploaded onto LAUNCHcast to be played by users should each be considered as one work for damages calculation. Launch argued that § 504(c)(1) requires that each compilation of copyrighted songs — each of the 722 copyrighted albums — be considered as one work. Therefore, under Launch's damage estimate Launch’s maximum liability would be $108,300,000 and under BMG's damage estimate Launch’s maximum liability would be $1.5 billion. However, BMG asked the district court for $100,000 statutory damages per infringed work, which would make Launch liable for $72,200,000 or $1,000,000,000 under Launch's or BMG’s estimates, respectively.

. We do not decide at this time whether each song or a compilation of songs should constitute a work for purposes of calculating statutory damages.